UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANGELA SOLOMON, | ) | Civil Action No.: 4:07-cv-1324-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EDNA D. SIMS and ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court are: 1) Allstate Insurance Company's [Docket Entry #4] motion to sever and remand Plaintiff's claims against Edna D. Sims; 2) Allstate Insurance Company's [Docket Entry #5] motion to dismiss or, in the alternative, stay discovery and trial; and 3) Plaintiff's [Docket Entry #7] motion to remand.

## Procedural History and Factual Background

This case arises from an automobile collision between the Plaintiff and Edna D. Sims. Plaintiff initiated this action in the Court of Common Pleas for Darlington County on March 21, 2007, against Sims and Allstate Insurance Company (Plaintiff's uninsured insurance carrier). Plaintiff alleged negligence and recklessness against Sims and a claim for bad faith against Allstate. According to the submissions of Plaintiff, there was a motion to sever pending in state court dated May 4, 2007. At the time the summons and complaint were filed in this case, Plaintiff and Defendant Sims were residents of South Carolina and Defendant Allstate was a "resident" of Illinois.

On May 8, 2007, Allstate removed the case to this court citing 28 U.S.C. § 1332 as the basis for federal court jurisdiction. The following day, May 9, 2007, Allstate filed a motion to

sever and remand Plaintiff's claims against Sims and a motion to dismiss or, in the alternative, stay discovery and trial until the conclusion of the state action against Sims. On May 15, 2007, Plaintiff filed a motion to remand the case to state court and seeks attorney fees incurred as a result of Allstate's removal.

### **Discussion**

Remand of a case to state court following removal is governed by 28 U.S.C. §§ 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

Where, as here, removal is based on diversity of citizenship, diversity must exist at the time the action is instituted in state court and the time of removal. *Heniford v. American Motor Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979) (citing Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, § 3723). Plaintiff argues that removal by Allstate was improper and premature and that the entire case should be remanded to state court because complete diversity of citizenship does not exist between the parties. Allstate argues that its removal was proper and accuses the Plaintiff of fraudulent joinder.

To establish fraudulent joinder of a nondiverse defendant, the removing party must show either: 1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or 2) there has been outright fraud in the

plaintiff's pleading of jurisdictional facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). In this case, Allstate has not made a sufficient showing that there is no possibility that the Plaintiff could establish a cause of action against the in-state defendant in state court. *See Marshall*, 6 F.3d at 232. There is some authority adverse to Allstate which suggests there may not be a requirement that a plaintiff first obtain a judgment against an at-fault driver before bringing a bad faith action against its underinsured/uninsured motorist carrier. *See Myers v. State Farm Mut. Auto. Ins. Co.*, 950 F. Supp. 148, 151 (D.S.C. 1997). Further, Allstate has cited no case law interpreting South Carolina Code § 38-77-150(B) to mean that a plaintiff is barred from bringing a bad faith action against its uninsured motorist carrier and a negligence action against the at-fault driver in the same lawsuit.

While it is not clear whether the South Carolina Supreme Court would hold that a plaintiff can bring a bad faith action against its own underinsured/uninsured motorist carrier and a negligence action against the at-fault driver in the same lawsuit,[1] this court will not create diversity jurisdiction by accepting Allstate's removal of a case with non-diverse defendants, then grant Allstate's request to sever and remand the Plaintiff's claims against the in-state defendant. Removal statutes must be strictly construed. *Mulcahey*, 29 F.3d at 151. This case could not have originally been brought in federal court because of a lack of complete diversity between the parties. *See* 28 U.S.C. 1441(b) (stating "[a]ny other such action [other than one founded on a claim arising under the Constitution, treaties, or laws of the United States] shall be removable *only* if none of the parties in interest properly joined and

---

[1] It should be noted that a motion to sever (entitled Motion for Separate Trials) was pending before the state court when this case was removed.

served as defendants is a citizen of the State in which such action is brought") (emphasis added).

Because this case was removed on the basis of diversity of citizenship and complete diversity of citizenship did not exist between the parties at the time the case was filed or removed, the court finds that Allstate's removal was improper. Therefore, this case should be remanded, in its entirety, to the Darlington County Court of Common Pleas. If the state court severs the claims against Sims and Allstate, then Allstate may properly remove the bad faith action asserted against it assuming other statutory requirements are met. *See* 28 U.S.C. § 1446(b).

### Conclusion

For the reasons stated above, Plaintiff's [Docket Entry #7] motion to remand is **GRANTED**. This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Fourth Judicial Circuit in Darlington County. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of Court for the Fourth Judicial Circuit in Darlington County.

Allstate's [Docket Entry #4] motion to sever and remand Plaintiff's claims against Edna D. Sims and [Docket Entry #5] motion to dismiss or, in the alternative, stay discovery and trial are **DENIED** as moot. Plaintiff's request for attorney fees is **DENIED**.

**IT IS SO ORDERED**.

Florence, South Carolina  s/ R. Bryan Harwell
July 16, 2007  R. Bryan Harwell
United States District Judge